1  Daniel L. Rottinghaus, Esq., State Bar No. 131949
Paul W. Windust, State Bar No. 167338
2  **BERDING & WEIL LLP**
3240 Stone Valley Road West
3  Alamo, California 94507
Telephone:  925/838-2090
4  Facsimile:  925/820-5592

5  Attorneys for Plaintiff,
ROBERT L. YOUNG
6

7  Herbert P. Kunowski, Esq. (State Bar No. 150141)
Darren Le Montree, Esq. (State Bar No. 198715)
**WILSON, ELSER, MOSKOWITZ, et al.**
8  555 South Flower Street, Suite 2900
Los Angeles, CA 90071
9  Telephone:  213/443-5100
Facsimile:  213/443-5101
10

11  Attorneys for Defendant,
ILLINOIS UNION INSURANCE COMPANY
12  d/b/a ACE WESTCHESTER SPECIALTY CLAIMS

13               **UNITED STATES DISTRICT COURT**

14           **NORTHERN DISTRICT OF CALIFORNIA**

15

16  ROBERT L. YOUNG,             No.  C 07-05711 MEJ

17         Plaintiff,             **JOINT CASE MANAGEMENT
STATEMENT**
18       vs.
                        **Date:  February 14, 2008**
19  ILLINOIS UNION INSURANCE     **Time:  10:00 a.m.**
COMPANY; ACE WESTCHESTER    **Ctrm: B**
20  SPECIALTY CLAIMS; and DOES 1
through 50, inclusive,
21

22        Defendants.

23

24        The parties to the above-entitled action submit this Joint Case Management

25  Statement and Proposed Case Management Order and request the Court to adopt it

26  as the Case Management Order in this case, pursuant to Federal Rule of Civil

27  Procedure 16 and Civil L.R.16-10(b).

28

1

## JOINT CASE MANAGEMENT STATEMENT

2  **I.    JURISDICTION AND VENUE**

3        This case began as a California state court matter in the County of Alameda.

4  Defendant removed the case to federal court as a diversity action under 28 U.S.C. §

5  1441(B) because it is a civil action between citizens of different states and the

6  amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7  Plaintiff is a resident of California and Defendant is an Illinois corporation.

8  **II.    FACTUAL BACKGROUND**

9        In this action Plaintiff Robert L. Young ("Young"), an officer and director of

10  TRI Commercial Real Estate Services, Inc. ("TRI") holding an Employment

11  Practices and Directors' & Officers' liability insurance policy issued by Illinois

12  Union ("the Policy") contends failure to defend, bad-faith claim handling, and

13  unreasonable denial of insurance benefits by defendants Illinois Union Insurance

14  Company ("Illinois Union") and their specially designated claims agent, ACE

15  Westchester Specialty Claims ("ACE"). Illinois Union has advised Young through

16  its answer to the Complaint that ACE is a fictitious business name of Illinois

17  Union. Illinois Union contends there was and is no coverage afforded under the

18  Policy and that it cannot as a matter of law be held liable for bad faith.

19        Plaintiff contends that Illinois Union and ACE failed to defend Young and

20  did not respond to Young's tender until Young, financially exhausted in defending

21  himself for two years, was left with no option but to settle the claims made against

22  him. Plaintiff also claims that Illinois Union eventually denied coverage on the day

23  of the settlement conference before trial.

24        Illinois Union disputes Young's version of the timing of and response to the

25  tender of the underlying claim. TRI's counsel first reported the claim to Illinois

26  Union through a letter dated June 7, 2005. Illinois Union's position is that it

27  promptly responded through a letter dated July 6, 2005 to Andrew Murbach of TRI

28  (the named insured) via certified mail advising that no coverage was available

1  primarily because of the application of Exclusion (q), which bars coverage for
2  claims "based upon, arising out of, directly or indirectly resulting from or in
3  consequence of, or in any way relating to any act, error or omission in connection
4  with performance of any professional services by or on behalf of any of the
5  insureds for the benefit of any other entity or person."   Young disputes having
6  received the certified letter, disputes the substance of the analysis, and also
7  contends that he wrote several follow up letters to Illinois Union which were not
8  promptly addressed.   Young's position is that the policy's General Terms and
9  Conditions obligate Illinois Union to defend "any Claim and [that] such right and
10 duty shall exist even if any of the allegations are groundless, false, or fraudulent."
11 Illinois Union disputes these contentions.   Illinois Union disputes that the Policy
12 affords coverage to any extent, including for defense, with respect to a Claim that is
13 excluded under the Policy.

14        The underlying claim involved a lawsuit filed by TRI against its former
15 clients, Raybern Foods, Inc. ("Raybern") and Bernard Viggiano ("Viggiano")
16 (collectively, the "Raybern Defendants") in *TRI Commercial Real Estate Services,*
17 *Inc. v. Raybern Foods, Inc., et al.*, Cal. Sup. Ct., Alameda, Case No. RG 04141329
18 ("*Raybern* Action").   TRI sued to collect commissions owed to it by the Raybern
19 Defendants under an exclusive agency agreement under which TRI agreed to
20 broker a business transaction on behalf of the Raybern Defendants.  The Raybern
21 Defendants filed a cross-complaint against Young, TRI and a TRI employee named
22 John Fults ("Fults") ("the *Raybern* Cross-Action").  Thereafter, TRI and Fults filed
23 a cross-complaint against Young for damages and indemnity, i.e., if TRI owed any
24 damages to Raybern, then Young owed the same to TRI and Fults.   The *Raybern*
25 Cross-Action and the TRI cross-complaint are collectively referred to herein as "the
26 Claim."

27        In the instant action, Young seeks defense costs in excess of $300,000, and
28 $20,000 paid in settlement.  Moreover, he was purportedly required to release his

1   indemnity claim against TRI so that he could extract himself from further litigation

2   and expense. As a result, Young seeks reimbursement of all his defense costs plus

3   interest, for reimbursement of his settlement payment plus interest, for emotional

4   distress and other consequential damages, for attorneys' fees and costs in the

5   prosecution of this action, and for exemplary damages against Illinois Union and

6   ACE.

7   **III.    FACTUAL ISSUES**

8        Young contends that there are factual issues in dispute.    Illinois Union

9   asserts that the issues stated below by Young represent primarily legal issues,

10  improper theories and facts readily disputable based upon irrefutable evidence to

11  the contrary.

12       a.    Whether Illinois Union and ACE demonstrated bad faith claims

13             handling of Young's requests for coverage in the underlying matter;

14       b.    Whether Illinois Union owed any obligations under the Policy to cover

15             Young in connection with the Claim or provide him with a defense;

16       c.    Whether Illinois Union breached its fiduciary duty to Young by

17             denying coverage in this matter. Illinois Union contends that no

18             fiduciary duty exists as a matter of law;

19       d.    Whether Illinois Union defrauded Young when it issued the Policy to

20             TRI;

21       e.    Whether Illinois Union and ACE intentionally inflicted emotional

22             distress on Young by the refusal of coverage;

23       f.    Whether Illinois Union and ACE negligently inflicted emotional

24             distress on Young by the refusal of coverage;

25       g.    Whether Illinois Union and ACE made intentional misrepresentations

26             when they issued the Policy to TRI;

27       h.    Whether Illinois Union and ACE made negligent misrepresentations

28             when they issued the policy to TRI;

1    i.    Whether Illinois Union and ACE conducted an adequate and timely
2          investigation of the Claim.
3    j.    Whether Young complied with all of the relevant conditions, terms
4          and provisions of the Policy, including the notification and
5          cooperation conditions;

6 ## IV.    LEGAL ISSUES

7    The parties dispute several legal issues, including but not limited to the
8 following:

9    a.    Whether Young was an "Insured Person" under the Policy;
10   b.    Whether the *Raybern* Cross-Action was a "Claim" covered by the
11         Policy;
12   c.    Whether Young sustained a "Loss," as that term is defined in the
13         Policy;
14   d.    Whether the terms, conditions and exclusions set forth in the Policy
15         bar coverage for the Claim.
16   e.    Whether the terms of the Policy entitle Young to recover his attorneys'
17         fees incurred in defending the Claim.

18 ## V.    OTHER ISSUES AND PARTIES

19   No issues of service, jurisdiction or venue remain unresolved. All parties to
20 this matter have been served and none of the existing parties anticipates joining
21 additional claims or parties to the action.

22 ## VI.    EVIDENCE PRESERVATION

23   The parties agree to preserve evidence relevant to the issues reasonably
24 evident in the action.

25 ## VII.    INITIAL DISCLOSURES

26   The parties also have begun full and timely compliance with the initial
27 disclosure requirement of Federal Rule of Civil Procedure 26.

28

1  **VIII.  DISCOVERY**

2      On November 6, 2007, Young served written discovery on Illinois Union

3  while this matter was in California state court and contends prior discovery

4  requests served before removal to federal court should be given effect under 28

5  USC § 1450.  Illinois Union contends that Young's pursuit of state discovery in a

6  federal court proceeding is improper.  The parties would request a discovery cut-off

7  of September 1, 2008.

8  **IX.    RELATED CASES**

9      The parties are aware of no cases related to this action.

10  **X.     RELIEF SOUGHT**

11      In the Complaint, Young prays for relief in the form of damages according to

12  proof at trial plus pre-judgment and post-judgment interest on all sums awarded, at

13  the legal maximum limit.  Young also prays for attorneys' fees and costs of suit

14  plus interest.  In addition, Young prays for punitive damages according to proof, a

15  declaration of his rights and Defendant's obligations under the Policy, and such

16  other and further relief as the Court may deem just and proper.

17  **XI.    ALTERNATIVE DISPUTE RESOLUTION**

18      The parties have discussed and request the following court ADR processes:

19  Private Mediation.  The parties have not yet set a date for mediation but expect to

20  complete mediation within 90 days of this Case Management Conference.

21  **XII.   CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

22      The parties do not consent to assignment of this case to a United States

23  Magistrate Judge for Trial and request reassignment to a United States District

24  Judge.

25  **XIII.  OTHER REFERENCES**

26      The parties do not believe this case is suitable for reference to binding

27  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

28

1  **XIV.  NARROWING OF ISSUES**

2      The parties have discussed narrowing the issues by filing cross Motions for

3  Summary Judgment which would be heard together.

4  **XV.  EXPEDITED SCHEDULE**

5      The parties do not believe this is the type of case that can be handled on an

6  expedited basis with streamlined procedures.

7  **XVI. SCHEDULING**

8      The parties estimate that they will take approximately three (3) depositions

9  for each side and file a Motion for Summary Judgment.

10 **XVII. TRIAL**

11     Plaintiff respectfully requests a jury for all triable issues.  Plaintiff estimates

12 the expected length of the trial to be five (5) days. The preference of the parties is

13 to first have the Court determine whether the issue of coverage may be decided as a

14 matter of law before setting a trial date.  However, if the Court is inclined to set a

15 trial date, the parties would request a date in November 2008.

16 **XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR**

17 **PERSONS**

18     Other than the named parties, the parties know of no other interested entities

19 or persons.  Additional unnamed defendants may be added as a result of further

20 investigations and discovery.

21 Date: February __7__, 2008          **BERDING & WEIL LLP**

22

23                                    By: _____

24                                    Paul W. Windust
                                       Attorneys for Plaintiff,
25                                     ROBERT L. YOUNG

26

27

28

1    Date: February ⁷, 2008          WILSON, ELSER, MOSKOWITZ,

2                                          EDELMAN & DICKER LLP

3

4                                 By: _____

5                                     Herbert P. Kunowski
                                      Darren Le Montree
6                                     Attorneys for Defendant,
                                      ILLINOIS UNION INSURANCE
7                                     COMPANY dba ACE WESTCHESTER
                                      SPECIALTY CLAIMS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERDING & WEIL LLP
3240 Stone Valley Road West
Alamo, California 94507

JOINT CASE MANAGEMENT STATEMENT                                    -8-

628403.1