1  Daniel L. Rottinghaus, Esq., State Bar No. 131949
   Paul W. Windust, State Bar No. 167338
2  **BERDING & WEIL LLP**
   3240 Stone Valley Road West
3  Alamo, California 94507
   Telephone:  925/838-2090
4  Facsimile:   925/820-5592

5  Attorneys for Plaintiff
   ROBERT L. YOUNG
6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 | ROBERT L. YOUNG,                          | No.  **C 07-05711 SBA**
12 |         Plaintiff,                        |
13 |    vs.                                    | **[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT**
14 | ILLINOIS UNION INSURANCE COMPANY; ACE WESTCHESTER |
15 | SPECIALTY CLAIMS; and DOES 1 through 50, inclusive, | **DATE:  8/26/08**
   |                                                    | **TIME:  1:00 p.m.**
   |                                                    | **CTRM:  3**
16 |         Defendants.                       |
17 |                                           | **[FRCP 56(a) and (b)]**

18

19     Plaintiff ROBERT L. YOUNG's Motion for Partial Summary Judgment

20  came on regularly for hearing with counsel for Plaintiff and Defendant present in

21  Court.  The Court, having reviewed the moving and opposing papers, and having

22  heard argument from counsel, hereby rules as follows:

23     Plaintiff's motion for partial summary judgment on the duty to defend issue

24  is GRANTED.  IUI's Policy promised Young that it would defend any Claim even

25  if the allegations were groundless, false, or fraudulent.  Under the Policy, "Claim"

26  means <u>any</u> written or oral demand for damages or other relief against TRI and the

27  directors and officers.  The Raybern Cross-Complaint is a Claim as that term is

28  defined by the Policy.

In order to obtain partial summary judgment of an insurer's duty to defend, Plaintiff need only establish that there is a triable issue of fact on the insurer's coverage defense. *Maryland Casualty Co. v. National American Ins. Co.* (1996) 48 Cal.App.4th 1822, 1832. Because Plaintiff is the moving party, he has the initial burden of establishing a potential for coverage. See *Montrose Chem. Corp. v. Superior Court.*, (1993) 6 Cal. 4th 287, 300; *Vann v. Travelers Cos.*, (1995) 39 Cal. App. 4th 1610, 1614. The Raybern Cross-Complaint makes allegations that establish a potential for coverage.

Once the insured makes the prima facie showing, the insurer faces the same burden it would encounter if it were the moving party – to prove there is no possibility of coverage. See *id*. "In other words, the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." Vann, 39 Cal. App. 4th at 1614.

In opposing the motion, it is the Defendants' burden to <u>conclusively</u> negate coverage; that is, to establish its coverage defense as a matter of law. Defendants' have failed to make this showing. Accordingly, Plaintiff is entitled to partial summary judgment as to the duty to defend.

DATED: _____

                                                UNITED STATES DISTRICT JUDGE

O:\WDOCS\0001\392\PLD\00478156.DOC