Daniel L. Rottinghaus, Esq., State Bar No. 131949
Paul W. Windust, State Bar No. 167338
**BERDING & WEIL LLP**
3240 Stone Valley Road West
Alamo, California 94507
Telephone: 925/838-2090
Facsimile: 925/820-5592

Attorneys for Plaintiff
ROBERT L. YOUNG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT L. YOUNG,

Plaintiff,

vs.

ILLINOIS UNION INSURANCE COMPANY; ACE WESTCHESTER SPECIALTY CLAIMS; and DOES 1 through 50, inclusive,

Defendants.

No. **C 07-05711 SBA**

**DECLARATION OF PAUL W. WINDUST IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND DENIAL OR CONTINUANCE UNDER FRCP 56(f)**

**DATE: September 30, 2008**
**TIME: 1:00 p.m.**
**CTRM: 3**
**JUDGE: SAUNDRA B. ARMSTRONG**

**[FRCP 56(a) and (b)]**

I, PAUL W. WINDUST, hereby declare as follows:

1. I am an associate with the law firm of Berding & Weil LLP, counsel for Plaintiff in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration and, if called to testify, could competently testify to the facts set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of correspondence from counsel for TRI to ACE Westchester Specialty Group providing notice to ACE of the Raybern Cross-Complaint.

3. Attached hereto as Exhibit B is a true and correct copy of correspondence from ACE to counsel for TRI dated June 29, 2005 acknowledging receipt of the claim and stating that it intends to undertake an investigation. This letter identified Section L of the Policy which provides that IUI has a duty to defend any claim, regardless of cause or merit.

4. Attached hereto as Exhibit C is a true and correct copy of correspondence from ACE to TRI dated July 6, 2005 relative to the Raybern Cross-Complaint. This correspondence was not sent to Mr. Young. Rather, we obtained a faxed copy of the letter from ACE on May 30, 2006 (almost a year after it was written) after our office made several tenders of the Raybern Cross-Complaint on Mr. Young's behalf.

5. Attached hereto as Exhibit D is a true and correct copy of a memorandum relating to ACE's decision to close the claim file as of October 28, 2005. This memorandum was created notwithstanding the fact that ACE knew that Raybern had amended its Cross-Complaint and its allegations against Young by virtue of seven tender letters from Young's counsel to ACE.

6. Attached hereto as Exhibit E is a true and correct copy of correspondence dated December 5, 2006 from coverage counsel for Illinois Union Insurance Company, in response to our letter of August 11, 2006 in which we requested defense and indemnity for Mr. Young.

7. Attached hereto as Exhibit F is a true and correct copy of correspondence dated December 6, 2006 from IUI's coverage counsel claiming that Section L(2) of the Policy, which states that IUI will defend any claim regardless of cause or merit, is not an "insuring clause and does not afford coverage."

8. The Exhibits referenced above were produced by Defendants in compliance with required Initial Disclosures. Defendants argue that summary judgment of certain claims such as Young's claims for bad faith, emotional distress, and punitive damages should be summarily adjudicated because Young

has no evidence supporting them. First, Young has in fact provided evidence sufficient to meet his burden of proof as to the bad faith claim and that evidence is attached to this declaration. Second, discovery is not complete and once further discovery and depositions are undertaken, evidence supporting these claims, sufficient to create a triable issued of fact, will be discovered.

9. Additional evidence cannot be presented at this time because depositions have not commenced. We entered into an informal agreement with Defense counsel to hold off on conducting depositions until after the Court ruled on the central issue in this case - whether IUI owed Young a defense in the Raybern Cross-Complaint. The depositions would need to take place in various locations in the United States, specifically the East Coast. The decision to hold off on depositions was made with the intention of minimizing litigation expenses. Further, Nina Howell, the ACE adjuster who handled the claim, is no longer with ACE and her exact location is not known. Her deposition is crucial to Young's bad faith claim.

10. The evidence obtained in depositions will raise a genuine issue of material fact, and, therefore, that the present motion should be denied as premature pursuant to FRCP 56(f) as to Young's bad faith claim, intentional and negligent infliction of emotional distress claims, and his claim for punitive damages.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this ____ day of September, 2008 in Alamo, California.

______________________________
PAUL W. WINDUST

O:\WDOCS\0001\392\PLD\00481176.DOC

Law Offices of
ALBERT E. CORDOVA
A Professional Law Corporation
Diversified Financial Centre
1299 Fourth Street, Suite 202
San Rafael, CA 94901

Albert E. Cordova

Telephone: (415) 457-9656
Facsimile: (415) 453-6260

June 7, 2005

ACE Westchester Specialty Claims
1133 Avenue of the Americas, 38th Floor
New York, NY 10036

RECEIVED
JUN 17 2005
ACE Westchester Specialty Group
Claim Department - New York

Re: Insured: ***Tri Commercial Real Estate Services***
Policy No.: BMI20016061

Dear Sir/Madame:

I am writing on behalf of your insured, TRI Commercial Real Estate Services, Inc. with reference to a demand by Mr. Robert Young, a former officer and shareholder of the insured. Mr. Young has demanded that the insured indemnify him in connection with a claim being asserted against Mr. Young as well as TRI Commercial by Raybern Foods, Inc. The gravamen of the Cross-complaint is that Robert Young undertook to represent Raybern Foods, Inc., as legal counsel in a business negotiation being brokered by TRI without fully disclosing to Raybern his relationship with TRI. A copy of the Cross-complaint is included with this letter.

I enclose a series of letters to and from Mr. Young and his firm. TRI has taken the position that it has no duty to defend or indemnify Mr. Young for actions taken in his capacity as an independent attorney and not within the scope of his duties as officer/director of TRI. In response, Mr. Young has threatened action both against TRI Commercial and its principals individually for its refusal to indemnify him.

Although TRI does not wish to tender this matter to the carrier at this time, I am informing you of these developments out of an abundance of caution in order not to jeopardize the insured's rights under the policy.

I would be happy to discuss this with your representative at your earliest convenience.

Sincerely,

ALBERT E. CORDOVA
A Professional Law Corporation

By: [signature]
Albert E. Cordova

AEC:ll

EXHIBIT
A

ace westchester
specialty group

ACE Westchester Specialty Group
1133 Avenue of the Americas
38th Floor
New York 10036
USA

(212) 703-7058 tel
(212) 703-7049 fax

naya.howell@ace-ina.com
www.ace-ina.com

Naya Howell
*Claims Specialist*

June 29, 2005

**Personal & Confidential**

Andrew Murbach
Tri Commercial Real Estate Services Inc.
One California Suite 1200
San Francisco, CA 94111

**Re: Insured: Tri Commercial Real Estate Services**
**Policy#: BMI20016061**
**Claimant: Raybern Foods Inc.**
**Claim#: JY05J009580X**

---

Dear Mr. Murbach:

This is to acknowledge receipt of your correspondence dated **6-7-05** which you have submitted in connection with the above-referenced matter. Presently, we are in the process of establishing a claim file and reviewing the submitted information. I will be handling this claim. Once I complete my initial review of the correspondence, I will contact you to discuss this matter further.

In the interim, we bring your attention to Section L of the General Terms and Conditions of the Illinois Union insurance contract entitled "Settlements and Defense", which requires:

1. No settlement shall be made or negotiated and no Costs, Charges and Expenses shall be incurred without Insurer's consent, such consent not to be unreasonably withheld. Insurer shall have the right to investigate and settle any Claim, provided however; no settlement shall be made without the consent of the Parent Company, such consent not to be unreasonably withheld.

2. Insurer shall have the right and duty to defend any Claim and such right and duty shall exist even if any of the allegations are groundless, false or fraudulent. The Parent Company shall have the right to assume the duty to defend any Claim provided Insurer consent in writing to such assumption. Costs, Charges and Expenses incurred by Insurer, or by the Insured's when defending or investigating with the written consent of Insurer, shall be paid by Insurer as a part of, and not in addition to, Insurer's Limit of Liability set forth in Item C. of the Declarations for the applicable coverage Section.





ace westchester specialty group

Accordingly, we will determine our rights and obligations under the Illinois Union insurance contract, and will advise you whether the Insurer's duty to defend is triggered. In an effort to do so, we will need to conduct further investigation in order analyze whether coverage is available for this claim. In this regard, please provide us with any additional materials which you have received relevant to this matter.

If there are exigent circumstances which require immediate legal attention, please call me as soon as possible to discuss whether defense counsel should be retained. If you have any questions, please feel free to contact me at either (212) 703-7068 or **naya.howell@ace-ina.com**

Sincerely,

*Naya Howell, Esq.*

Claims Specialist

Cc: Joseph Ferrari
Northwest Professional Center
227 Route 206
Flanders, NJ 07836

kw



**ace westchester specialty group**

ACE Westchester Specialty Group
1133 Avenue of the Americas
38th Floor
New York, NY 10036
USA

212-703-7068 *tel*
212-703-7049 *fax*

naya.howell@ace-ina.com
www.ace-ina.com

**Naya A. Howell**
*Chief Claims Specialist*

July 06, 2005

Attn: Joe Ferrari

973-252-5146

VIA CERTIFIED MAIL,RRR

Andrew Murbach
Tri Commercial Real Estate Services Inc.
One California Suite 1200
San Francisco, CA 94111

| Re: | Insured: | Tri Commercial Real Estate Services ("Tri-Commercial") |
|---|---|---|
| | Claimant: | Raybern Foods Inc. ("Raybern") |
| | Policy #: | BMI20016061 |
| | Claim #: | JY05J009580X |

Dear Mr. Murbach:

Illinois Union Insurance Company ("Illinois Union") once again acknowledges receipt of the documents forwarded to us, including a Cross-Complaint filed Superior Court of the State of California in Alameda County entitled, Tri Commercial Real Estate Services v. Raybern Foods et al. The complaint contains claims related to breach of fiduciary duty, professional negligence, negligence, and promissory fraud.

This matter arises out Raybern's retention of Tri-Commercial to form a strategic business alliance with another entity. Raybern hired Robert Young as counsel for this matter based on the suggestion of Tri-Commercial and specifically, Mr. John Fults, an officer at Tri-Commercial. During the course of representation of Raybern, Mr. Young failed to adequately protect its financial interest when Mr. Fults announced he was withdrawing from representing Raybern. It is alleged that Mr. Young, Mr. Fults and Tri-Commercial breached their respective fiduciary duties to Raybern, resulting in damages. Raybern in demanding compensatory and punitive damages, as well as disgorgement of professional fees and costs of suit.

Illinois Union has not made any determination as to the validity of the plaintiff's allegations nor do we assert that any liability exists.

Full Body's claims made insurance policy has a Policy Period of August 1, 2004 to August 1, 2005 and contains Employment Practices and Directors & Officers and Company Coverage Sections. Based on the allegations made by Raybern, this matter will be analyzed under the Directors & Officers and Company Coverage Section, which has a Limit of Liability of $2,000,000 and $0 Retention for each Claim under all Insurance Clauses.



EXHIBIT C

ace westchester
specialty group

We refer you to the Insuring Clause of the Directors & Officers and Company Coverage Section, which provides:

A. INSURING CLAUSES

1. Insurer shall pay on behalf of the Directors and Officers Loss resulting from any Claim first made against the Directors and Officers during the Policy Period for a Wrongful Act.

2. Insurer shall pay on behalf of the Company Loss, which the Company is required or permitted to pay as indemnification to any of the Directors and Officers resulting from any Claim first made against the Directors and Officers during the Policy Period for a Wrongful Act.

3. Insurer shall pay on behalf of the Company Loss resulting from any Claim first made against the Company during the Policy Period for a Wrongful Act.

The purpose of this letter is to advise that coverage for this matter is not available for Tri-Commercial, Mr. Fults or Mr. Young based upon a review of the allegations in connection with the terms of the Policy. As a result, Illinois Union will neither defend nor indemnify Tri-Commercial, Mr. Fults or Mr. Young.

We also direct your attention to Section B. of the Directors & Officers and Company Coverage Section B.9., which states the definition of Wrongful Act:

9. Wrongful Act means an actual or alleged error, omission, misleading statement, neglect, breach of duty or act by:

a) any of the Directors and Officers, while acting in their capacity as:
   i. a director, officer or employee, manager, member manager or member of the board of managers of the Company or the functional equivalent to a director or officer of the Company in the event the Company is incorporated or domiciled outside of the United States; and
   ii. a director, officer, trustee, governor, executive director or similar position of any Outside Entity where such service is with the knowledge and consent of the Company; and

b) with respect to Insuring Clause 3. of this Coverage Section only, the Company.



ace westchester
specialty group

Mr. Young and Mr. Fults provided a personal guaranty for the financial transaction that occurred between Raybern and Tri-Commercial. Therefore, coverage for a breach of that guaranty will not be covered since it would not have been provided in their capacity as a directors or officers of the Company.

With respect to the breach of fiduciary duty claims against Tri-Commercial, please note the following Exclusion under the Directors & Officers and Company Coverage Section that will apply to this matter:

> 1. Insurer shall not be liable to make payment under this Coverage Section in connection with any Claim:
>
> > q) based upon, arising out of, directly or indirectly resulting form or in consequence of, on in any way relating to any act, error or omission in connection with performance of any professional services by or on behalf of ay of the Insureds for benefit of any other entity or person provided however, this exclusion shall not apply to any such Claim brought directly, derivatively or otherwise by one or more securities holders of the Company in their capacity as such.

Raybern is alleging breach of fiduciary duties, negligence and promissory fraud as it relates to professional services rendered by Tri-Commercial and Mr. Young, based on the above Exclusion, these claims are not covered under the Policy.

For the reason cited above, Illinois Union will not be assigning defense counsel to defend the matter nor will we be taking any further action.

Additionally, in accordance with regulations promulgated under the California Insurance Code, we are obligated to advise you that if an Insured believes that coverage under an insurance policy has been wrongfully denied, in whole or in part, the Insured may have the matter reviewed by the California Department of Insurance. The Department can be contacted at: California Department of Insurance, Claims Service Bureau, 11th Floor, 3000 South Spring Street, Los Angeles, CA 90013, (213) 897-5961 or (800) 927-4357 (in California only).

Illinois Union reserves the right to deny coverage based upon grounds other than those expressly set forth in this letter and to supplement and/or amend this letter to address additional coverage issues as they may arise, based upon all of the provisions, terms, conditions, exclusions, endorsements, and definitions found in the Policy and additional facts that may come to Illinois Union's attention. Illinois Union further reserves the right to recoup defense costs, charges and expenses in the event it is determined that coverage for this matter is not available. Nothing stated herein and no further action taken by Illinois Union or on its behalf should be construed as a waiver of any of its rights under the Policy. On the contrary, by



ace westchester
specialty group

providing this or any prior correspondence to the Insured, engaging in any prior or future discussions with the Insured, or paying or agreeing to pay any amount to or on behalf of the Insured, Illinois Union does not waive any rights that it has under the Policy.

If you have any questions in the interim, please contact me at (212) 703-7068.

Sincerely,

Naya A. Howell
Chief Claims Specialist

cc: Joseph Ferrari
(email)

*** TX REPORT ***

********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3439 |
| RECIPIENT ADDRESS | 919258205592 |
| DESTINATION ID | |
| ST. TIME | 05/30 13:32 |
| TIME USE | 01'02 |
| PAGES SENT | 4 |
| RESULT | OK |





ace westchester specialty group

ACE Westchester Specialty Group
1133 Avenue of the Americas
38th Floor
New York, NY 10036
USA

212-703-7068 *tel*
212-703-7049 *fax*

naya.howell@ace-ina.com
www.ace-ina.com

Naya A. Howell
*Chief Claims Speciali:*

July 06, 2005

Attn: Terrence Meyerhoff

VIA CERTIFIED MAIL,RRR

Andrew Murbach
Tri Commercial Real Estate Services Inc.
One California Suite 1200
San Francisco, CA 94111

925-820-5592

| Re: | Insured: | Tri Commercial Real Estate Services ("Tri-Commercial") |
|---|---|---|
| | Claimant: | Raybern Foods Inc. ("Raybern") |
| | Policy #: | BMI20016061 |
| | Claim #: | JY05J009580X |

Dear Mr. Murbach:

Illinois Union Insurance Company ("Illinois Union") once again acknowledges receipt of the documents forwarded to us, including a Cross-Complaint filed Superior Court of the State of California in Alameda County entitled, Tri Commercial Real Estate Services v. Raybern Foods et al. The complaint contains claims related to breach of fiduciary duty, professional negligence, negligence, and promissory fraud.

This matter arises out Raybern's retention of Tri-Commercial to form a strategic business alliance with another entity. Raybern hired Robert Young as counsel for this matter based on the suggestion of Tri-Commercial and specifically, Mr. John Fults, an officer at Tri-Commercial. During the course of representation of Raybern, Mr. Young failed to adequately protect its financial interest when Mr. Fults announced he was withdrawing from representing Raybern. It is alleged that Mr. Young, Mr. Fults and Tri-Commercial breached their respective [illegible]

# CLOSE FILE

FROM: Naya A. Howell DATE: 10/28/05

FILE #: J405J009580X

INSURED NAME: TPI Commercial

REASON FOR CLOSING:
Denial - no further information

*IF APPLICABLE:*

SETTLEMENT AMOUNT: $ Ø

SETTLEMENT DATE: Ø

SPECIAL INSTRUCTIONS:
Close in Genius & Omnilator

ROCESSED BY:

DATE:

msg/doce/09/05/03

EXHIBIT D

IU 000114

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
555 South Flower Street - Suite 2900, Los Angeles, California 90071-2407
Tel: (213) 443-5100 Fax: (213) 443-5101

Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

www.wilsonelser.com

PATRICK M. KELLY
ROBERT M. YOUNG, JR.
L. VICTOR BILGER, JR.
STEVEN R. PARMINTER
ROLAND LEE COLEMAN, JR.
E. PAUL DOUGHERTY, JR.*
JAMES A. STANKOWSKI
MARTIN K. DENISTON
VINCENT D'ANGELO
GEORGE A. PISANO
CAREY B. MOOREHEAD
HERBERT P. KUNOWSKI
HOWARD L. HALM
STEVEN J. JOFFE
WILLIAM K. ENGER
KYM G. BULLOCK
JOHN C. LEE
ARLENE N. BERGER
ROBERT M. ANDERSON
JOHN J. IMMORDINO
DARREN LE MONTREE
AIDE C. ONTIVEROS
RONALD R. MILLSAP
KATHLEEN M. BRAGG
SUSANNAH M. DUDLEY
JENNIFER J. MOON
SEAN M. BRYN
DAVID R. SHOOP
A. LOUIS DORNY ***
JOEL GLASER
PATRICIA ANN GOLSON
LISA CHEN
JACQUELINE J. HARDING
SHERRY STROBLE
DANIEL H. LEE
NICOLE E. LUCY
CRAIG C. HUNTER
J. WALTER GUSSNER
PETER R. BING
DAVID D. KREMENETSKY
KAMYAR R. SHAYAN
ALEXANDER FLIG
ROBERT COOPER
TAE S. UM**
MARC ALLARIA
ELLIN LEE
MICHELE REIKES
JYAN FERNG
DIANA ESTRADA
JULIA KENT
JULIE VAN WERT
MONA PATEL
ASHLEY R. LEACH
CHRISTOPHER B. QUEALLY
MELISSA F. DAY
D. VICTORIA LABRIE
DUSTIN DOCKJEWICZ
KELLY C. CROCKETT
GREGORY K. LEE

* ALSO ADMITTED IN NEW YORK & NEW JERSEY
** ALSO ADMITTED IN NEW YORK
*** ALSO ADMITTED IN ARIZONA

December 5, 2006

**VIA E-MAIL & CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Clifford R. Horner, Esq.
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, California 94507-1558

Re: *Raybern v. Fults, et al.*, Alameda County Superior Court Case No. RG04141329

| | | |
|---|---|---|
| Named Insured | : | TRI Commercial Real Estate Services, Inc. |
| Claim No. | : | JY05J009580X |
| Policy No. | : | BMI20016061 |
| Policy Period | : | 8/1/04 to 8/1/05 |
| Our File No. | : | 09827.00120 |

Dear Mr. Horner:

As you know, this firm has been retained by ACE Westchester Specialty Group Claims ("ACE") to represent Illinois Union Insurance Company ("Illinois Union") with regard to the above-captioned matter. We are in receipt of your letter to ACE dated August 11, 2006 setting forth the bases for coverage on behalf of your client, Robert Young, for the Raybern cross-complaint under the above-referenced policy. Upon further review and analysis of this matter and the arguments set forth in your letter, we must apprise you that, for the reasons set forth below, Illinois Union stands by its denial in this matter.

## I. BACKGROUND FACTS

This claim arises from an agreement Robert L. Young ("Young") entered into with Raybern Foods, Inc. ("Raybern") to provide legal services for Raybern, specifically to draft a





licensing agreement and a manufacturing agreement. These agreements were the product of negotiations TRI was performing on Raybern's behalf pursuant to an exclusive agency agreement to consummate a transaction with a third party. When Raybern failed to compensate TRI under the agency agreement, TRI initiated an action against Raybern to recover payment.

Raybern in turn cross-complained against Young (and TRI), alleging that Young breached his fiduciary duty to Raybern by undertaking to act as its legal counsel without fully disclosing his relationship with TRI. The cross-complaint includes causes of action for Breach of Fiduciary Duty (against Young and the Law Offices of Robert L. Young), Professional Negligence (against Young and his firm), and Negligence (against Young and other defendants).

Raybern alleges that Young and the Law Offices of Robert L. Young ("LORLY") (collectively "Young") provided advice and services to Raybern in connection with the transactions between Raybern and the third party as well as other business matters during the same time period that the transactions were being negotiated. In that capacity, Young owed a fiduciary duty to Raybern. Raybern contends that in failing to disclose his role as an officer and director of TRI, Young placed his interests as an officer and/or director of TRI above his professional obligations to Raybern. Raybern further alleges that Young's performance of legal services fell below the standard of care.

Raybern seeks compensatory damages, disgorgement of all professional fees paid to Young in connection with the professional services rendered in connection with the transactions, punitive damages and costs of suit.

## II. COVERAGE ANALYSIS

### A. The Cross-Complaint Does Not Allege A Wrongful Act As Defined By The Policy.

Illinois Union Insurance Company issued a Business and Management Indemnity Insurance Policy No. BMI20016061 to Parent Company TRI Commercial Real Estate Services, Inc. for the policy period August 1, 2004 to August 1, 2005. Assuming that Young is an insured as a former director and/or officer of TRI, coverage is not triggered merely because Raybern alleged that Young is or was an officer and/or director of TRI or that Young acted as such in connection with the transactions. The insuring agreement sets forth the requirements for coverage, as follows:

> In consideration of the payment of premium, in reliance on the **Application** and subject to the Declarations, and terms and conditions of this **Policy**, the **Insurer** and the **Insureds** agree as follows.
>
> A. INSURING CLAUSES
>
> 1. Insurer shall pay on behalf of the **Directors and Officers Loss** resulting from any **Claim** first made against the **Directors and Officers** during the **Policy Period** for a **Wrongful Act**.

To trigger coverage under the insuring clause, there must be a "Claim" for a "Wrongful Act." The term "Wrongful Act" is defined by the Policy to mean any actual or alleged error, omission, misleading statement, neglect, breach of duty or act by:

a) any of the Directors and Officers, while acting in their capacity as:

(i) a director, officer or employee of the **Company** or the functional equivalent to a director or officer of the **Company** in the event the **Company** is incorporated or domiciled outside the United States; * * *

Not only must the error or breach of duty be committed by a Director or Officer but the error or breach of duty must have been committed while that person was acting in their capacity as a director or officer of TRI. The alleged errors and breaches of duty Young committed as counsel for Raybern Foods were not committed while Young was acting as a director or officer. In undertaking to represent Raybern Foods as its legal counsel, Young was acting for his own account and for his sole benefit and not for any benefit to TRI.

The mere fact that Young was an officer and/or director of TRI is not enough to give rise to a potential for coverage. There must be a causal or temporal connection between Young's status as an officer and/or director and the alleged error or breach of duty. Raybern has not alleged the required causal nexus. As TRI's secretary, Young recorded and transcribed events at TRI's Board meetings. As a director, Young's duties included attending and participating at board meetings and voting. Raybern does not allege that Young committed any wrongful act while he was recording or transcribing TRI board meeting minutes. Nor does Raybern allege that Young committed any wrongful act while attending or participating at any board meeting or voting. The bare allegation that Young is an officer and director of TRI and acted as such in relation to a transaction does not satisfy the requirement of a "wrongful act" committed while acting as a officer or director of TRI. As the allegation of this causal or temporal connection is a condition precedent to coverage, and no such allegation is made, there is no coverage for Young with respect to the Raybern cross-complaint under the Policy.

**B. Exclusion (k) Bars Coverage and The Exceptions Under That Exclusion Do Not Apply.**

The Policy also bars coverage for this matter based on Exclusion (k), which provides:

C. **EXCLUSIONS**

1. **Insurer** shall not be liable to make any payment under this Coverage Section in connection with any **Claim:**

k) to the extent such **Claim** is based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the service of any of the **Directors and Officers** in any position or capacity in any entity other than the **Company**; provided, however, that this exclusion shall not apply to **Loss** resulting from any such **Claim** to the extent that:

(i) such **Claim** is based on the service of any of the **Directors and Officers** as a director, officer, trustee, governor, executive director or similar position of any **Outside Entity** where such services is within the knowledge and consent of the **Company**, and

(ii) such **Outside Entity** is not permitted or required by law to provide indemnification to such **Directors and Officers**, and

(iii) such **Loss** is not covered by insurance provided by any of the **Outside Entity's** Insurer.

The elements which give rise to the application of this exclusion are established. There must be a claim arising from the service of the insured in any entity other than the Company, regardless of the position or capacity. Here, the service involved was legal services for Raybern. The company was Young's law firm. The position or capacity was attorney or sole proprietor. Coverage is therefore barred by Exclusion (k).

**C. <u>Exclusion (q) Applies to Bar Coverage and Is Not Ambiguous.</u>**

Exclusion (q), which is similar to Exclusion (k), likewise applies. It provides:

C. **EXCLUSIONS**

1. **Insurer** shall not be liable to make any payment under this Coverage Section in connection with any **Claim:**

q) based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way relating to any act, error or omission in connection with performance of any professional services by or on behalf of any of the insureds for the benefit of any other entity or person; provided, however, this exclusion shall not apply to any such Claim brought directly, derivatively or otherwise by one or more securities holders of the Company in their capacity as such.

The term "arising out of" is construed broadly in California. See *Acceptance Ins. Co. v. Syufy Enterprises* (1999) 69 Cal.App.4th 321 - "It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship."

The elements of Exclusion (q) are established by the Raybern cross-complaint because it arises out of an error or omission committed by Young in the performance of professional services (legal services) for the benefit of another entity or person (Raybern Foods).

You fail to indicate in what way the exclusion is ambiguous. An insurance policy is considered ambiguous when its terms are capable of two or more constructions, both of which

are reasonable. *Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 867. The exclusion is clear and is not subject to more than one reasonable interpretation.

## III. CONCLUSION

Based on the foregoing, Illinois Union has no duty to defend or indemnify Young and must continue to decline the tender.

Please be advised that except as provided herein, no statements or the lack thereof should be construed as a waiver of any rights, privileges and/or defenses that Illinois Union may otherwise have under the Policy, including the right to supplement or amend the denial of coverage as circumstances warrant. Illinois Union considers all rights, privileges and defenses fully reserved.

Furthermore, please be advised that Illinois Union's coverage position is based on information it currently has regarding this matter. If there is any information which you believe may affect Illinois Union's coverage position, please advise us as soon as possible in order that Illinois Union may re-evaluate it.

Should your client disagree with the positions expressed herein, he is entitled to have the claim reviewed by the California Department of Insurance. Inquiry should be directed as follows:

California Department of Insurance
Claims Service Bureau, 11th Floor
300 South Spring Street
Los Angeles, CA 90013
Telephone: (800) 927-HELP or (213) 897-8921

If you have any questions regarding this matter, please do not hesitate to contact the undersigned or Victoria LaBrie of this office.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

James A. Stankowski

JAS/dvl

cc: George T. Glavas, ACE Westchester Specialty Group Claims (Via E-Mail)

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
555 South Flower Street - Suite 2900, Los Angeles, California 90071-2407
Tel: (213) 443-5100 Fax: (213) 443-5101

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

PATRICK M. KELLY
ROBERT M. YOUNG, JR.
L. VICTOR BILGER, JR.
STEVEN R. PARMINTER
ROLAND LEE COLEMAN, JR.
R. PAUL DOUGHERTY, JR.*
JAMES A. STANKOWSKI
MARTIN K. DENISTON
VINCENT D'ANGELO
GEORGE A. PISANO
CAREY B. MOOREHEAD
HUBERT P. KUNOWSKI
EDWARD L. HALM
STEVEN J. KAPE
WILLIAM K. ENGLER
KYM O. BULLOCK
JOHN C. LEE
ANTHONY N. BERGER

* ALSO ADMITTED IN NEW YORK & NEW JERSEY
** ALSO ADMITTED IN NEW YORK
*** ALSO ADMITTED IN ARIZONA

ROBERT M. ANDERSON
JOHN J. IMMORDINO
DARREN LE MONTREE
ALDE C. ONTIVEROS
RONALD R. MILLNAP
KATHLEEN M. [illegible]
SUSANNAH M. DUDLEY
JENNIFER J. MOON
SEAN M. [illegible]
DAVID R. SHOOP
A. LOUIS DORNY ***
JOEL GLASER
PATRICIA ANN GOLSON
LISA CHEN
JACQUELINE J. HARDING
[illegible]
DANIEL H. LEE
[illegible] LUCY
CRAIG C. HUNTER
J. WALTER GUENTHER
PETER K. HONG
DAVID D. KREMENETSKY
KAMYAR R. SHAYAN
ALEXANDER [illegible]
[illegible]
TAE B. UM**
MARC ALLARIA
ELLEN LIU
MICHELE REIKES
RYAN FERNO
DIANA ESTRADA
JULIA KENT
JULIE VAN WERT
MONA PATEL
ASHLEY R. LEACH
CHRISTOPHER B. QUEALLY
MELISSA F. DAY
D. VICTORIA LADRIS
DUSTIN [illegible]
KELLY C. CROCKETT
GREGORY K. LEE

December 6, 2006

VIA FACSIMILE

Daniel L. Rottinghaus, Esq.
Kevin P. Montee, Esq.
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, California 94507

Re: TRI Commercial Real Estate Services, Inc., et al. v. Raybern Foods, Inc., et al.
Alameda County Superior Court Case No.: RG04 141329
Claim No. : JY05J009580X
Policy No. : BMI 20016061
Our File No. : 09827.00120

Dear Messrs. Rottinghaus and Montee:

We are in receipt of your December 5, 2006 letter addressed to Mr. Glavas and to this firm. In response to your query whether we received your November 30, 2006 correspondence, we did indeed receive the correspondence and attached exhibits; however, the materials did not alter Illinois Union's coverage position. Illinois Union's position letter of December 5, 2006 is meant to address the points raised in your November 30th letter even though receipt of that letter was not specifically acknowledged. To clarify, the December 5th letter setting forth Illinois Union's coverage position responds to all prior correspondence in this matter.

With respect to the second paragraph of your December 5th letter, Clause L.2 entitled "Settlements and Defense" sets forth the parties' rights and obligations in the event of a covered or potentially covered claim. Clause L.2 is not an insuring clause and does not afford coverage. Given that the cross-complaints filed by Raybern Foods do not present a covered or potentially covered claim pursuant to the insuring agreement of the Illinois Union policy or are otherwise excluded, Clause L.2 is not triggered. It therefore was unnecessary to discuss this provision.



EXHIBIT
F

If you have any further questions or comments, please direct them to Jim Stankowski or to the undersigned.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

D. Victoria LaBrie

DVL/mmi

cc: James Stankowski, Esq.
George T. Glavas, ACE Westchester Specialty Group Claims (Via E-Mail)