# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Case No.: C07-05711 SBA

ROBERT L. YOUNG,

    Plaintiff,

v.

ILLINOIS UNION INSURANCE
COMPANY; ACE WESTCHESTER
SPECIALTY CLAIMS; and DOES 1
through 50, inclusive,

    Defendants.

ORDER
**[Docket Nos.  16, 21 ]**

---

The Court, having reviewed and considered the moving and opposing papers with respect to the Motion for Summary Judgment brought by Defendant Illinois Union and Robert L. Young's Motion for Partial Summary Judgment, GRANTS the defendant's motion for summary judgment and DENIES the plaintiff's motion for partial summary judgment and request for a continuance of the defendant's motion pursuant to Federal Rule of Civil Procedure 56(f), for the reasons stated below:

**1.**   Plaintiff fails to meet the requirements of Rule 56(f) for a continuance of the defendant's motion so that he may complete discovery.  Rule 56(f) permits a court to deny a motion or continue it to enable affidavits to be obtained or depositions taken if the party opposing the motion (1) shows by affidavit that, (2) for specified reasons, it cannot present facts essential to justify its opposition.  Fed. R. Civ. P. 56(f); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).  Plaintiff has not demonstrated any of the above requirements to the Court and absent a showing by him that additional discovery will reveal specific facts precluding summary judgment, the Court DENIES his request pursuant to Rule 56(f).

1

2

**2.      Exclusion q in the D&O Coverage Section of the Policy bars Coverage for the**

**Claim at issue**

The Directors and Officers Coverage Section of Illinois Union's Policy No.

BMI200116061 ("the Policy") contains Exclusion q which provides that:

> Insurer shall not be liable to make any payment under this Coverage
> Section in connection with any Claim:
>
> q)      based upon, arising out of, directly or indirectly resulting from or in
> consequence of, or in any way relating to any act, error or omission in
> connection with performance of any professional services by or on behalf of
> any of the **Insureds** for the benefit of any other entity or person; provided,
> however, this exclusion shall not apply to any such **Claim** brought directly,
> derivatively or otherwise by one or more securities holders of the **Company** in
> their capacity as such.

Based on the uncontroverted facts, the Raybern Cross-Complaint and the Cross-

Complaint of TRI and Fults constitute a Claim under the Policy which was based upon, arising

out of, resulted from, was in consequence of and related to Young's rendering of professional

services.  Young and his law firm, Law Offices of Robert L. Young, were sued by Raybern,

Fults and TRI in connection with Young's role as legal counsel for Raybern.   Young's

argument that his legal services on behalf of Raybern also benefited TRI is unavailing since

Exclusion q applies broadly.   Since it is undisputed that Raybern retained Young and his law

firm and later sued Young and his lawfirm for professional negligence and breach of fiduciary

duties as counsel for Raybern, the Claim asserted against Young by the Raybern Cross-

Complaint and the Cross-Complaint of TRI and Fults is barred in its entirety.

Young argues that Exclusion q renders the Policy illusory.  In order for a policy to be

deemed illusory, it must afford no coverage whatsoever. *Scottsdale Ins. Co. v. Essex Ins. Co.*,

98 Cal. App. 4th 86, 94-5 (2002).   Here, the Court finds that Exclusion q does not render the

policy illusory.

**3.      There is No Coverage For the Claim Under the EPL Section of the Policy**

Young asserts that the Employment Practices Coverage Section ("EPL Section") of the Policy is triggered; however, none of the enumerated Wrongful Acts set forth in the Policy apply.  Therefore, no coverage exists under the EPL Section of the Policy for the Claim asserted against Young by the Raybern Cross-Complaint and the Cross-Complaint of TRI and Fults.

**4.     Section L of the General Terms and Conditions Does Not Impose a Duty to Defend Uncovered Claims**

Young argues that Section L of the Policy contained in the General Terms and Conditions Section provides for a duty to defend all Claims, including Claims which are uncovered due to applicable exclusions in the relevant Coverage Section of the Policy.  A basic principle of policy interpretation is that the policy must be read in its proper context as one unified document. *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1265 (1992).

Young's argument is analogous to the insured's argument in *Golden Eagle Ins. Corp. v. Cen-Fed, Ltd.,* 148 Cal.App.4th 976 (2007).   In Golden Eagle, the insured argued that it was entitled to a defense under a supplemental payments clause because this clause purportedly applied to "any suit." The *Golden Eagle* court held that "where the third party suit never presented any potential for policy coverage, the duty to defend does not arise in the first instance, and the insurer may properly deny a defense." 148 Cal.App.4th at 995.  The court further reasoned that to read the clause otherwise "conflicts with common sense, is contrary to the public policy of encouraging rather than discouraging liability insurers to provide a defense to an insured, and obviously would not be within the objectively reasonable expectations of any party to the policy." *Id.* at 998.   Young's argument is similarly unavailing.

**5.     Young's Breach of Contract Count Fails Because the Policy Does Not Afford Coverage for the Claim**

In order for Young to assert breach of contact against Illinois Union, he must

demonstrate the existence of a right to benefits under the terms of the Policy at issue. However, because the underlying matter against Young was not covered and his request for Policy benefits was properly denied, Young cannot as a matter of law establish the critical element of breach.

**6.     Young's Breach of the Covenant of Good Faith and Fair Dealing Count Fails Because the Policy Does Not Afford Coverage for the Claim**

Young cannot establish bad faith against Illinois Union entitling him to extra-contractual damages because the uncontroverted facts show that no coverage is afforded for this Claim.  In the absence of any underlying coverage, there is no conceivable liability that Young could allege against Illinois Union on any theory of "bad faith."  See, e.g, *Waller v. Truck Ins. Exchange, Inc.,* 11 Cal.4th 1, 36 (1995);   *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990) (a claim for breach of the covenant of good faith cannot be pursued in the absence of any substantive coverage under the policy, since the covenant cannot "be endowed with an existence independent of its contractual underpinnings"); *Guz v. Bechtel National, Inc.,* 24 Cal.4th 317, 349 (2000).  Additionally, even if the Court had found coverage and hence a duty to defend, Illinois Union would still not be subject to bad faith liability because the Court finds that Illinois Union's coverage position was reasonable.

**7.     Young's Counts for Breach of Fiduciary Duty and Constructive Fraud Fail Because Illinois Union Did Not Owe Young a Fiduciary Duty and in Any Event No Coverage is Available for This Claim**

Young's third and fourth counts for breach of fiduciary duty and constructive fraud must fail because an insurer is not a fiduciary under California law and insurers are not true fiduciaries of their insureds.  The California Supreme Court's opinion in *Vu v. Prudential Prop. & Cas. Ins. Co.,* 26 Cal.4th 1142 (2001), eliminated breach of fiduciary duty counts by policyholders against insurers. While an insured has unequal bargaining power and must depend on the good faith of the insurance carrier, the insurance carrier is not a fiduciary and cannot be sued for breach of fiduciary duty.  *Id.* at 1151.

Young's fourth count for constructive fraud is founded upon an alleged fiduciary duty owed by Illinois Union as an insurance company to Young as an insured under the Policy. As such, Young's count for constructive fraud also fails due to the lack of a fiduciary duty.

**8.**     **Young's Fifth Count for Intentional Infliction of Emotional Distress is Not Viable**

The tort of intentional infliction of emotional distress requires proof of "extreme and outrageous conduct" by the defendant "especially calculated to cause ... mental distress of a very serious kind." *Christensen v. Superior Court*, 54 Cal.3d 868 (1991).  The conduct alleged must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community" *Schlauch v. Hartford Acc. and Indem. Co.,* 146 Cal.App.3d 926 (1983). An insurance carrier's failure to pay a claim or its unreasonable investigation of a claim does not amount to the tort of intentional infliction of emotional distress. *Ricard v. Pacific Indemnity Co.*, 132 Cal.App.3d 886 (1982).

**9.**     **Young's Sixth Count for Negligent Infliction of Emotional Distress is Not Viable**

In an insurance coverage action, the relationship between the parties is based on the insurance contract. Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law. *Erlich v. Menezes*, 21 Cal.4th 543 (1999). Negligence counts are not available against insurance carriers. *Sanchez v. Lindsey Morden Claims Services Inc*., 72 Cal.App.4th 249 (1999); *Aceves v. Allstate Ins. Co.,* 68 F.3d 1160 (9th Cir.1995).

Negligent infliction of emotional distress is not an independent tort but rather is based on the tort of negligence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965 (1993). Just as negligence counts are not available against insurance carriers, neither are purported counts for negligent infliction of emotional distress. *Soto v. Royal Globe Ins. Co*., 184 Cal.App.3d 420 (1986).

**10.**   **Young's Seventh and Eighth Counts for Intentional Misrepresentation and Negligent Misrepresentation Must Fail as They are Merely A Recast Count for Bad Faith**

As referenced above, there are only limited circumstances wherein  breach of contract can be converted into a tort claim.  In his seventh and eighth counts, Young essentially recasts his count for bad faith in the form of intentional or negligent misrepresentation premised on Illinois Union's implicit promise to honor the terms of the Policy.  These counts are not viable as a matter of law since they are merely a recast of the bad faith count, which is not viable.  In an event, since there is no coverage for the Claim against Young in the Underlying Action, these counts must fail.

**11.**   **Young Cannot State a Proper Count for Declaratory Relief and in any Event, the Court Finds No Coverage is Afforded**

Where, as here, there is no pending controversy, there is no viable count for declaratory relief.  The fundamental basis of declaratory relief is the existence of an actual and present controversy. Witkin, *California Procedure*, 4th Ed., Pleading, Section 817.   Since the underlying cross-complaints are no longer pending, there is no present controversy on which the Court can issue a declaratory judgment. Accordingly, Young's declaratory relief count is not a properly plead count.  In any event, since the Court finds that no coverage is afforded for the subject Claim this count also fails on the merits.

The Court also finds that ACE Westchester Specialty Claims ("AWSC"), alleged to be a claims agent of Illinois Union which Illinois Union asserts is not a legal entity, must be dismissed based on the findings and conclusions of law herein.  While AWSC appears to be a disclosed agent of a known principal and therefore not subject to liability independent of its principal (the insurer), given that the Court has found that no coverage exists for the Claim and has dismissed all counts, there are no allegations in the Complaint against AWSC which remain viable in light of this Court's order.

For the foregoing reasons, the Court hereby GRANTS Illinois Union's Motion for

1

2

3   Summary Judgment and DENIES Young's Motion for Partial Summary Judgment.

4   Defendants Illinois Union Insurance Company and ACE Westchester Specialty Claims are

5   hereby dismissed with prejudice.

6   **DATED:** 12/12/08                    _____

7                                          Hon. Saundra B. Armstrong

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28